```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                      HOT SPRINGS DIVISION


SUSAN HAMILTON                                        PLAINTIFF


     v.                  Case No. 08-6057


TENET CORPORATION, d/b/a
NATIONAL PARK MEDICAL CENTER                          DEFENDANT
```

### MEMORANDUM OPINION & ORDER

Before the Court are Defendant's Motion to Dismiss (Doc. 4), Plaintiff's Response (Doc. 10), and the Defendant's Reply (Doc. 12). For the reasons described below, Defendant's Motion is **GRANTED** and Plaintiff's complaint is dismissed with prejudice.

**A. Standard of Review**

In their consideration of a motion to dismiss, courts must accept the factual allegations as true, but "are not bound to accept a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, 127 S.Ct. 1955, 1965 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). To survive a motion to dismiss, the plaintiff must allege sufficient facts to raise a reasonable expectation that discovery will reveal sufficient evidence to support her claims.

1

*Id.* The Court reviews the complaint in the light most favorable to the Plaintiff, *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997), and should not dismiss the complaint if there are pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 S.Ct. at 1974. The issue is not necessarily a question of "whether a Plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

The contents of an employee handbook may be considered in a ruling on a 12(b)(6) motion. *See, e.g. Kushner v. Beverly Enterprises, Inc.*, 317 F.3d 820, 831 (8th Cir. 2003). "When considering a motion for judgment on the pleadings (or a motion to dismiss under Fed.R.Civ.P. 12(b)(6)), the court generally must ignore materials outside the pleadings, but it may consider "some materials that are part of the public record or do not contradict the complaint," *Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir.), as well as materials that are "necessarily embraced by the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

**B. Facts**

On September 20, 1990, the Plaintiff, Susan Hamilton,

2

became employed as a licensed practical nurse at the National Park Medical Center, which is owned and operated by Tenet, Inc. After more than ten years of at least satisfactory service, Hamilton was fired in November 2000. At the time Hamilton was fired, her employer had a Handbook in place that explained the mutual expectations of the employer and employees.

On Thursday, November 23, 2000[1], Hamilton worked a 7:00 p.m. to 7:00 a.m. shift. She was busy, and at 10:00 p.m. a patient complained he had not received pain medication promptly enough. Hamilton's direct supervisor agreed to trade patients and the supervisor took the complaining patient. Hamilton continued to care for patients until 8:00 a.m. when she began her charting. Later that morning, her supervisor informed her that a patient had accused her of drug use and the supervisor requested that she take a drug test. Hamilton thought that since she had been permitted to work a full shift, it was nonsensical to drug test her, and she refused to take the test. Hamilton was sick on Friday, November 24. On Monday, November 27, she spoke to a supervisor and offered to take the drug test. She was advised a test was no longer necessary and that she had been terminated. According to the Handbook, termination was not the policy for a

---

[1] Hamilton filed her claim in the Circuit Court of Garland County on April 4, 2008, over seven years after her termination. In Arkansas the statute of limitations on written contracts is five years. Ark Code Ann. § 16-56-111. Since the Defendant has not raised the statute of limitations as a defense, the Court will not address it further.

AO72A
(Rev. 8/82)

positive test for drug use. Hamilton's termination came despite the lack of a drug test or of a serious incident or accident, and it followed an uncorroborated accusation by a heavily medicated patient.

Neither side objects to the inclusion of the Handbook in consideration of Defendant's 12(b)(6) motion, or the authenticity or applicability of the Handbook as provided by Defendant. The Handbook contains numerous admonishments that employment was at-will. The Handbook contained a Drug Testing policy that laid out three situations that might subject a current employee to a drug test:

> Post Accident Testing: Any current employee who is involved in a serious incident or accident while on duty, whether on or off the employers premises, may be asked to provide a body substance sample.
>
> Fitness-For-Duty or Reasonable Suspicion Testing: This test may be required if significant and observable changes in employee performance, appearance, behavior, speech, etc. provide reasonable suspicion of his/her being under the influence of drugs and/or alcohol. A fitness-for-duty evaluation may include the testing of a body substance sample.
>
> Random Testing: An employee who tests positive and who successfully completes a rehabilitation program may be subject to unscheduled testing for a twelve (12) month period following reinstatement.
>
> Subject to any limitations imposed by law, a refusal to provide a body substance sample, under the conditions described above, is considered insubordination and may result in corrective action, up to and including termination of employment.

National Park Medical Center Employee Handbook 42-43 (1996).

None of the above situations applied, and thus Hamilton's refusal to take the drug test was not insubordination. Hamilton was fired in a manner inconsistent with the drug testing policies as outlined in her employee Handbook. However, her firing was not inconsistent with the section on separation of employment, which stated that employment was by mutual consent. Handbook at 13.

**C. Discussion**

Arkansas follows the employment at will doctrine, which means employment is at the will of both the employee and employer. *Mertyris v. P.A.M. Transport, Inc.*, 832 S.W.2d 823, 825 (Ark. 1992). The default status of employees is at-will, but employment becomes non-at-will in two general situations. *See id.* An employee's status is changed by "an agreement that the employment is for a specified time, in which case firing may be only for cause, or where an employer's employment manual contains an express provision stating that the employee will only be dismissed for cause and that provision is relied on by the employee." *Id.* "An at-will employee may be discharged for good cause, no cause, or even a morally wrong cause." *St. Edward Mercy Medical Center v. Ellison*, 946 S.W.2d 726, 728 (Ark. App. 1997) (citing *Smith v. American Greetings Corp.*, 804 S.W.2d 683 (Ark. 1991)).

Arkansas caselaw contains two general forms of Handbook provisions that make employment non-at-will. "Where an employee relies upon a personnel manual that contains an express provision against termination except for cause he may not be arbitrarily discharged in violation of such a provision." *Crain Industries, Inc. v. Cass*, 810 S.W.2d 910, 912 (Ark. 1991). The other form is when a handbook contains specific, express provisions concerning how layoffs will proceed, those provisions can create an employment contract and change employment status to non-at-will. *See id.* at 913.

The Eighth Circuit has interpreted Arkansas law to find that when supervisors make uncontested statements that employees will not be fired unless they refuse to take a drug test, a genuine issue of material fact exists as to whether employment is at-will. *Qualls v. Hickory Springs Mfg. Co.*, 994 F.2d 505, 509 (8th Cir. 1993). The provisions that convert employment to non-at-will share the commonality of expressly concerning termination and limiting the discretion of the employer to terminate employees by requiring consideration of objective criteria. Listing situations that could result in termination without implying that the list is exhaustive does not make employees non-at-will. *Gladden v. Arkansas Children's Hosp.*, 728 S.W.2d 501, 505 (Ark. 1987).

Arkansas recognizes a limited exception to the at-will

AO72A
(Rev. 8/82)

doctrine when an employee "is fired in violation of a well-established public policy of the state." *St. Edward*, 946 S.W.2d at 728 (citing *Sterling Drug, Inc. v. Oxford*, 743 S.W.2d 380, 385 (Ark. 1988)). The public policy exception "is not meant to protect merely private or proprietary interests." *Sterling Drug*, 743 S.W.2d at 385. *Sterling Drug* held that firing an employee for offering to testify against another employee suspected of criminal activity and gathering evidence against them was contrary to Arkansas public policy. *Id.* The Court in *Sterling Drug* "recognized that the public policy of a state is found in its constitution and statutes." *Id.* The relevant statutory provision in *Sterling Drug* provided that retaliation against a witness or informer was a class A misdemeanor. *Id.* The Arkansas Court of Appeals has restated the rule from *Sterling Drug* to be that "an employer should not have an absolute and unfettered right to terminate an employee for an act done for the good of the public." *City of Huntington v. Mikles*, 240 S.W.3d 138, 143 n.2 (Ark. App. 2006).

Hamilton claims her firing was contrary to Arkansas's statutory Volunteer Testing Program, making her firing both contrary to the Handbook and the public policy of the state of Arkansas. However, the law's applicability is limited to "a drug-free workplace program implemented pursuant to rules adopted by the Director of the Workers' Health and Safety

7

Division of the Workers' Compensation Commission." Ark. Code Ann. § 11-14-103(a). Furthermore, the law does not "prohibit an employer from conducting any drug or alcohol testing of employees which is otherwise permitted by law." Ark Code Ann. § 11-14-108(e). Finally, the law states that "Nothing in this chapter shall be construed to amend or affect the employment-at-will doctrine. Ark. Code Ann. § 11-14-108(b).

In the present case, Hamilton claims the Handbook modified her employment to non-at-will. In support of her contention, Hamilton points out various provisions that represent fair treatment and that her employer would not act in an inadvisable or inappropriate manner. Hamilton claims that the request to take a drug test was not in accordance with the policies and procedures in the Handbook. For purposes of a motion to dismiss, her assertions that the request to take a drug test was wrongful, and that she was not insubordinate within the meaning given by the Handbook will be accepted. However, the provisions that Hamilton thinks modified her at-will status do not concern termination or in any way limit the discretion of her employer in making termination decisions. Furthermore, Defendant Tenet has pointed out multiple Handbook provisions that expressly state that employment is at-will. While her employer may have violated the provisions that Hamilton claims, that does not mean that cause was required to fire her. The recent Arkansas cases

8

that have dealt with handbook provisions have stated again and again that the employment manual must have an express provision stating that dismissal will be only for-cause. *See e.g., St. Edward*, 946 S.W.2d at 728, *Mertyris,* 832 S.W.2d at 825.

Hamilton's case is distinguishable from *Qualls,* an Eighth Circuit case that found a possible wrongful termination under Arkansas law. The Plaintiff in *Qualls* alleged reliance not only on the company Rules of Conduct, but also on uncontested statements of supervisors, which was enough to raise a fact issue. 994 F.2d at 509. What distinguishes *Qualls* from Hamilton's situation is the lack of an express promise not to terminate unless the employee refused to take a drug test. Hamilton has not alleged an express promise by a supervisor, or anyone else, not to terminate unless certain conditions are met. As such, Tenet could terminate her employment without cause.

The facts that Hamilton has alleged also make her case distinguishable from *Crain Industries*. The Handbook provision in *Crain Industries* governed termination procedures and layoffs. *See* 810 S.W.2d at 913. The key to the holding in *Crain Industries* was the clarity and the subject matter of the provision. The court in *Crain Industries* referred to "mandatory terms" in the Handbook and the "clear language constituting a promise not to dismiss in a lay-off except by departmental seniority." *Id.* at 913-14. The Handbook provision in *Crain*

9

*Industries* was clearly written and limited the employer's discretion in termination decisions by requiring objective consideration of employees' seniority. The provision in Hamilton's Handbook lists cases in which drug tests *may* be conducted and states that a refusal to provide a sample under the listed conditions *could* lead to termination. The provisions in Hamilton's Handbook do not concern a clear termination procedure, nor do they limit the discretion of Tenet to terminate its employees.

Arkansas's public policy exception to employment at will only covers acts in the public interest. The public policy exception "is not meant to protect merely private or proprietary interests." *Sterling Drug*, 743 S.W.2d at 385. Hamilton's refusal to take an unwarranted drug test was not an act done for the good of the public; it was an act done to protect her purely private interest in not being bothered with an unwarranted drug test. Hamilton has not alleged that Tenet had adopted the Arkansas Volunteer Testing Program, so those statues are inapplicable.

**D. Conclusion**

Hamilton alleges no express representation either in the Handbook or elsewhere that her employment was for a length of time or that she could only be fired for cause. As such, she was

10

**AO72A**
**(Rev. 8/82)**

an at-will employee who could be fired for no cause. Hamilton's firing only implicated her private interests, and did not violate Arkansas public policy. Therefore, the facts alleged by Hamilton when combined with the unopposed and uncontroverted contents of her employee Handbook fail to state a claim on which relief can be granted. Defendant's Motion to Dismiss is **GRANTED**. Hamilton's complaint is dismissed with prejudice.

IT IS SO ORDERED this 12th day of September, 2008.

/s/Robert T. Dawson
Robert T. Dawson
United States District Judge